UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN E.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 2:24-cv-13060
Honorable Anthony P. Patti

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 8), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 10), and AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY</u>**

**I.**    **Background**

Kevin E. ("K.E.") applied for disability insurance (DI) benefits in September / October 2021, alleging disability beginning September 1, 2021 (*i.e.*, the alleged onset date (AOD)), at which point he was 61 years old, *i.e.*, a person of advanced age who is closely approaching retirement age, 20 C.F.R. § 404.1563(e). (ECF No. 5, PageID.356-359.) Plaintiff's claims were denied initially in February 2022 and upon reconsideration in September 2022. (*Id.*, PageID.208-231, 260-269, 271-280.)

K.E. sought a hearing with an administrative law judge (ALJ) (*id.*, PageID.281), and, on September 29, 2023, ALJ Lauren Burstein conducted a

hearing, at which the claimant, his counsel, and a vocational expert (VE) appeared (*id.*, PageID.180-206). On October 4, 2023, ALJ Burstein issued an unfavorable decision. (*Id.*, PageID.232-253.)

K.E. requested review (*id.*, PageID.343-346); however, on September 20, 2024, the Appeals Council (AC) denied the request for review (*id.*, PageID.21-26).[1]

## II.   Instant Case & Pending Motion

On November 19, 2024, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner"). The parties have consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 3.)

Currently before the Court is Plaintiff's motion for summary judgment (ECF No. 8), which challenges the ALJ's treatment of the opinion evidence and the subjective symptom testimony. (*Id.*, PageID.1663-1671.) The Commissioner filed a cross-motion for summary judgment (ECF No. 10), and Plaintiff has filed a reply (ECF No. 11).

---

[1] ALJ Burstein had multiple medical records before her at the time of her decision. (*See* ECF No. 5, PageID.250-253; *id.*, PageID.491-1646 [Exhibits 1F-35F].) The administrative record also contains medical records for a July 21, 2023 to July 23, 2023 hospital admission (*see id.*, PageID.32-175), although it seems these records may just have been available to the Appeals Council.

On January 28, 2026, the Court conducted a remote hearing, at which Attorney Cheryl O'Brien and Assistant United States Attorney Lisa G. Smoller appeared. After a brief recess, the Court issued its opinion and reasoning from the bench, <u>all of which is incorporated by this reference as though fully restated herein</u>.

### III. Standard

Plaintiff has the burden of proof on his statements of error, as he challenges the ALJ's treatment of the opinion evidence and Plaintiff's subjective testimony, each of which occurred between steps 3 and 4 of the sequential process. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582

F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

IV. **Discussion**

Before proceeding to Plaintiff's specific statements of error, the Court notes the ALJ's related RFC determination:

> . . . [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) [*i.e., exertional limitations*] except he can never kneel, crawl, or climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, stoop, and crouch [*i.e., postural limitations*]. He can reach overhead occasionally with the right upper extremity [*i.e., manipulative limitations*] but cannot perform overhead lifting. He must avoid unprotected heights and avoid slippery, dangerous, or uneven terrain [*i.e., environmental limitations*].

(ECF No. 5, PageID.239-245.)

A. **Opinion evidence (20 C.F.R. § 404.1520c)**

Plaintiff argues that the ALJ failed to properly evaluate the opinion evidence. (ECF No. 8, PageID.1663-1669; *see also* ECF No. 11, PageID.1699-1700.) The ALJ found the state agency medical consultants' opinions (*see* ECF No. 5, PageID.208-218; *id*., PageID.221-231) "partially persuasive," treating physician Maatha Alani, M.D.'s opinion (*see id*., PageID.783-786) "unpersuasive" or "less persuasive," Dr. Miguel Granados's opinion (*see id*., PageID.788-789) "partially persuasive," and consultative examiner Bina Shaw, M.D.'s opinion (*see*

4

*id.*, PageID.1011-1023) "minimally persuasive" in part and "unpersuasive" in part. (*Id.*, PageID.243-244.)

### 1.    Treating physician Dr. Alani

Plaintiff specifically challenges the ALJ's treatment of Dr. Alani's MSS. (ECF No. 8, PageID.1664-1665.)  The ALJ explained in her written decision that "Dr. Alani failed to offer any objective support for his conclusion, which renders his opinion less persuasive[,]" "this opinion is inconsistent with Dr. Alani's June and August 2021 treatment notes, which indicates normal gait, coordination, motor function, cervical and musculoskeletal range of motion, reflexes, and sensation[,]" and the opinion "is likewise unsupported by the claimant's September 2021 orthopedic findings of normal posture and paraspinal muscle tone." (ECF No. 5, PageID.244.)  The ALJ then explained:  "I find the claimant's display of antalgic gait, mild muscle spasms, and slightly decreased left lower extremity strength, coupled with findings of lumbar degenerative disc disease and right shoulder arthritic spurring, supports limitation to reduced light exertion with no crawling or climbing ladders, ropes, or scaffolds; occasional stooping, crouching, climbing ramps and stairs, and overhead reaching; and no overhead lifting[,]" (*id.*), in support of which she generally cited multiple records, albeit without attribution. (*See id.* (*citing id.*, PageID.559-560, 565, 705, 719, 729, 753-755).)

5

Preliminarily, the Court acknowledges Plaintiff's supportability argument that Dr. Alani's MSS *does* identify the clinical findings and objective signs as "gait issues, multiple xrays [sic], CT, blood work done[,]" (ECF No. 5, PageID.783). (ECF No. 8, PageID.1664-1665.) Still, this description lacks specificity, and, while there are some exams by Michigan Orthopedic Specialists that indicated antalgic gait (*see* ECF No. 5, PageID.774, 779, 755, 759, 765, 770), there are also multiple instances of exams from various sources that reveal, *e.g.*, stable gait (ECF No. 5, PageID.497-498) and intact or normal gait (*id.*, PageID.515, 729, 735, 741, 934, 1012, 1507, 1563, 1569, 1631), including Dr. Alani's *own exam notes* repeatedly and consistently documenting "negative" findings regarding gait and "intact" gait (*id.*, PageID.1619, 716-745, 1610-1646).

More to the point, as discussed in detail from the bench, the Court is able to follow the ALJ's reasons for finding the MSS "unpersuasive."

2. **Consultative examiner Dr. Shaw**

Plaintiff also specifically challenges the ALJ's treatment of Dr. Shaw's consultative examination (CE) report. (ECF No. 8, PageID.1665-1666.) The ALJ explained why she found the CE report to be "minimally persuasive" or "unpersuasive," (ECF No. 5, PageID.244), and included citations not only to the CE report (*id.*, PageID.1011-1023 [Ex. 27F]) but also, albeit without attribution, to

the January 2022 notes of Kevin G. Jamil, M.D. (ECF No. 5, PageID.869) and Dr. Alani's April 2022 progress notes (*id*., PageID.920-921).

As discussed in detail from the bench, the Court is able to follow the ALJ's reasons for finding the CE report "minimally persuasive" or "unpersuasive."

**B.     Symptoms (20 C.F.R. § 404.1529 & SSR 16-3p)**

Plaintiff argues that the ALJ failed to properly consider the subjective symptom testimony. (ECF No. 8, PageID.1669-1671; ECF No. 11, PageID.1700-1702.) The ALJ made multiple observations about consistency (*see* ECF No. 5, PageID.242-245), ultimately concluding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id*., PageID.243.)

As discussed in detail from the bench, Plaintiff has not shown error in the ALJ's assessment of his subjective symptoms. Although by no means an exhaustive list, the Court mentions a few items here, such as:

- the ALJ noted Plaintiff's admission that "his residual peripheral neuropathy from chemotherapy resolved with use of Gabapentin[,]" (ECF No. 5, PagID.238, 1560-1563, 1636);

- the ALJ noted that Plaintiff "was scheduled to undergo lumbar fusion in October 2021," but "he testified to canceling the surgery 'at the last minute' due to fear[,]" (*id*., PageID.241), as also reported to the consultative examiner (*id*., PageID.1011), although the September 21, 2021 medical records record Plaintiff voicing his preference for a more conservative

7

    approach focusing on weight loss, with a vague reference "insurance issues" (*see* ECF No. 5, PageID.753-756; *see also id.*, PageID.214); still, 20 C.F.R. § 404.1530(c)(4) "speaks in objective terms and does not allow a claimant to choose to forego a procedure which he believes might be risky[,]" *Awad v. Sec'y of Health & Hum. Servs.*, 734 F.2d 288, 290 (6th Cir. 1984); and,

- after mentioning Plaintiff's report about the use of a walker since 2022 (*id.*, PageID.240) and Plaintiff's use of a walker at the August 2022 consultative examination (*id.*, PageID.242), the ALJ explained why "the evidence does not support use of a walker or other assistive device is medically necessary[,]" (*id.*, PageID.242-243). He did not check the box for use of a walker in his November 11, 2021 function report, although he did in his April 30, 2022 report. (*Id*, PageID.415, 450.) Plaintiff's counsel acknowledged at oral argument that the claimant made no mention of a walker in his August 3, 2023 testimony, offered no record of one being prescribed, and did not bring one to the hearing before the ALJ. Thus, it appears to the Court that the walker only surfaced at Plaintiff's consultative examination, where he was noted to have "walked in the room" and "did not use the walker in the room." (*Id.*, PageID.1013); and,

- despite Plaintiff's complaints of hearing impairment and memory problems, the ALJ noted that there was no medical support for these complaints (*id.*, PageID.239), and, in fact, the medical records suggest normal findings in these areas (see, *e.g., id.*, PageID.788, 1012).[2]

For these and the multiple other reasons mentioned on the record, the Court affirms the ALJ's subjective symptoms assessment.

---

[2] The Court also notes Plaintiff testifying to apnea (ECF No. 5, PageID.196), for which there are records of him both denying and reporting apnea (*id.*, PageID.717, 1013, 1560), and his testimony of left shoulder problems at the same level as his right shoulder problems (*id.*, PageID.197-198), for which there appears to be no record support.

8

## V. Order

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, as well as the reasons set forth above, Plaintiff has not shown legal error that would upend the ALJ's decision, and the Court finds that it is supported by substantial evidence.  The Court is satisfied that the ALJ acted well inside the "'zone of choice' within which the Commissioner can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citation omitted).  Accordingly, Plaintiff's motion for summary judgment (ECF No. 8) is **DENIED**, Defendant's motion for summary judgment (ECF No. 10) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

    **IT IS SO ORDERED.**

Dated:  January 30, 2026

                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE